UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MICHAEL COUCH, )
 )
       **Plaintiff,** )
 )
v. ) Case No. 14-CV-0601-CVE-FHM
 )
SHEET METAL WORKERS )
INTERNATIONAL ASSOCIATION, )
SHEET METAL WORKERS LOCAL 270, )
and DAVID JOHNSON, )
 )
       **Defendants.** )

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss and Motion to Transfer Venue (Dkt. # 9).[1] Defendants argue that plaintiff's claims are barred by the statute of limitations, and they seek dismissal of plaintiff's claims under the Labor Management Relations and Disclosure Act, 29 U.S.C. § 411 (LMRDA) and the National Labor Management Relations Act, 29 U.S.C. § 185 (LMRA). Defendants also seek dismissal on the grounds that plaintiff has unclean hands and that plaintiff failed to join these claims in a pending state court action.

**I.**

Michael Couch was the business manager of Sheet Metal Workers Local 270 (Local 270) from 2006 to April 2010. Dkt. # 3, at 2. In April 2010, Couch resigned from his position as business manager to accept a position as an organizer for Sheet Metal Workers International

---

[1]     This case was originally filed in the United States District Court for the Eastern District of Oklahoma, and the case was transferred to this Court. Thus, the motion to transfer venue has been ruled on and the Court will consider only the motion to dismiss in this Opinion and Order.

Association (SMWIA), the parent organization of Local 270. Id. Couch maintained his membership in Local 270 after he accepted employment with SMWIA. Id.

On January 20, 2012, the new business manager of Local 270, David Johnson, filed charges against Couch alleging that he engaged in improper accounting procedures between 2006 and 2009. Id. Couch alleges that he previously campaigned against Johnson for elected positions with Local 270 and that he was critical of Johnson during those campaigns. Id. He also claims that he exercised his free speech rights as a member of Local 270 to criticize Johnson's performance as business manager and that Johnson was aware of Couch's criticism of Johnson. Id. at 2-3. Couch alleges that the charges against him were based on testimony and evidence provided by Karen Carper, Mike Carper, and SMWIA representative Tim McGrath. Id. at 3. Couch claims that he had previously objected to Mike Carper's appointment as organizer by the SMWIA and that Johnson and Mike Carper believed that Couch was responsible for SMWIA's denial of Mike Carper's request for employment as an organizer. Id. Couch also alleges that he had openly campaigned against Tim McGrath in a union election and that McGrath and his "slate" of candidates ultimately lost the union election. Id. at 4. Couch believes that McGrath used his position as a representative of SMWIA to instigate the filing of union charges against Couch. Id.

Couch states that he sought information about the charges against him and he spoke to SMWIA President Joe Nigro. Id. Nigro told Couch that he could have access to any records that he would need to defend himself, but Couch alleges that Local 270 refused to respond to plaintiff's requests for information and obstructed his attempts to gather information to defend against the charges. Id. SMWIA appointed three persons to serve as trial board members to hear the charges against Couch, and Couch claims that those persons were biased against him. Id. at 6. He claims

2

that SMWIA instructed the members of the trial board to rule against him even before the hearing took place. Id. at 7. The hearing took place on February 8 and 9, 2012, and he claims that he was denied a fair hearing. Id. at 7-8. On March 9, 2012, the trial board issued a decision fining Couch $76,408, and Couch claims that the trial board did not make any factual or legal findings in support of this conclusion. Id. at 8. Couch appealed the trial board's ruling to the SMWIA General Executive Council (GEC) and, on March 21, 2013, the GEC issued a final decision reducing Couch's fine to $46,758. Id. Couch alleges that he has fully exhausted all internal union procedures before filing this case. Id.

On March 13, 2014, Couch filed this case in the United States District Court for the Eastern District of Oklahoma. Couch alleges that Local 270 failed to comply with the procedural requirements of the LMRDA (count one) and that Local 270 retaliated against him for exercising his right to free speech (count two). He also claims that defendants breached a labor agreement in violation of the LMRA (count three). Defendants filed a motion to dismiss or transfer venue (Dkt. # 9), and the Honorable Ronald A. White entered an order transferring this case to this Court. Dkt. # 32. However, Judge White declined to rule on the motion to dismiss, and that motion is before the Court. Id. at 2.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its

3

face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado., 493 F.3d at 1215; Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

Defendants argue that plaintiff did not file his claims within the applicable statute of limitations and that plaintiff's claims are barred due to his failure to join his claims in a prior lawsuit involving similar subject matter. Dkt. # 9, at 1-2. Defendant also asks the Court to dismiss plaintiff's demands for equitable relief, because plaintiff has been convicted of a misdemeanor and has unclean hands. Id. at 3.

Plaintiff alleges two claims under the LMRDA and a separate claim under the LMRA. In Reed v. United Transp. Union, 488 U.S. 319 (1989), the Supreme Court held that claims under the LMRDA are governed by the statute of limitations for general or residual personal injury claims in

the forum state. Id. at 323. For cases arising in Oklahoma, the Oklahoma statute of limitations for personal injury claims is two years. Cantrell v. Int'l Bhd. of Elec Workers, Local 2021, 32 F.3d 465, 467 (10th Cir. 1994). Defendants argue that plaintiff is alleging that the wrongful activity occurred between April 2010 and February 2012, but plaintiff did not file this case until March 13, 2014. Plaintiff responds that he was required to exhaust his internal remedies before filing suit, and the statute of limitations did not begin to run until he fully exhausted his internal remedies. Courts have consistently held that the statute of limitations under the LMRDA and LMRA are tolled while a plaintiff exhausts his internal remedies with a union. Wall v. Constr. & Gen. Laborers' Union, Local 230, 224 F.3d 168, 177-78 (2d Cir. 2000); Volkman v. United Transp. Union, 73 F.3d 1047, 1056 (10th Cir. 1996); Dunleavy v. Local 1617, United Steelworkers of America, 814 F.2d 1087, 1089-90 (6th Cir. 1987); Frandsen v. Bhd. of Ry., Airline and S.S. Clerks, Freight Handlers, Exp. and Station Employees, 782 F.2d 674, 681 (7th Cir. 1986). In this case, plaintiff alleges that he filed an internal appeal of the trial board's decision and he did not receive a final ruling on his appeal until March 21, 2013. Dkt. # 3. The appellate ruling substantially reduced the fine owed by plaintiff. Plaintiff's LMRDA claims were filed on March 13, 2014, which is less than two years from the date of SMWIA's final ruling on appeal. Defendants have not argued that plaintiff's internal appeal was futile or unnecessary, and the Court finds that the statute of limitations on plaintiff's LMRDA claims was tolled while he exhausted his internal remedies. Thus, plaintiff's LMRDA claims were timely filed.

As to plaintiff's LMRA claim, the parties disagree as to the applicable statute of limitations. Defendants argue that claims under the LMRA are governed by a six month statute of limitations. Dkt. # 9. Under the LMRA, claims alleging that a union breached its duty of fair representation

5

must be filed within six months of the act giving rise to the claim. Edwards v. Int'l Union, United Plant Guard Workers of America, 46 F.3d 1047, 1051 (10th Cir. 1995). In addition, "hybrid" claims alleging that a union representing an employee "act[ed] in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation" must also must filed within the six month statute of limitations. DelCostello v. Int'l Broth. of Teamsters, 462 U.S. 151, 163-64 (1983). A claim constitutes a "hybrid" claim if the union member alleges that the union breached its duty of fair representation and the union member alleges that the union has "mishandled" the grievance process. Reed, 488 U.S. at 328. However, the six month statute of limitations does not apply to all LMRA claims, and the Court must consider the nature of plaintiff's claim to determine what statute of limitations applies. Int'l Union, United Auto., Aerospace and Agr. Implement Workers of America, AFL-CIO v. Hoosier Cardinal Corp., 383 U.S. 696, 701 (1966). If a union member alleges a "straight" breach of contract claim, the claim is governed by the statute of limitations for breach of contract claims in the forum state. Int'l Union of Elevator Constructors v. Home Elevator Co., Inc., 798 F.2d 222, 225 (7th Cir. 1986). In this case, plaintiff has not alleged that Local 270 violated its duty to provide fair representation during the grievance process. Instead, he argues that the Local 270 breached a labor agreement and SMWIA's internal constitution by improperly bringing charges against him. Dkt. # 3, at 12-13. A "hybrid" claim must involve both a duty of the breach of fair representation and alleged problems with the grievance process. Plaintiff's LMRA claim cannot be characterized as a breach of the duty of fair representation or a "hybrid" claim, and the Court will apply the statute of limitations for breach of contract claims under Oklahoma law. Under OKLA. STAT. tit. 12, § 95, "[a]n action upon any contract, agreement, or promise in writing" must be filed within 5 years after the claim has accrued.

Plaintiff's LMRA claim was filed within five years of SMWIA's final ruling on the charges against him, and his LMRA claim was timely filed.

Defendants argue that plaintiff's claims are barred because he failed to join these claims in a state court lawsuit involving similar subject matter. Defendants cite Retherford v. Halliburton Co., 572 P.2d 966 (Okla. 1977), for the proposition that a single act or wrong "gives rise to only one cause of action and not to separate causes . . . ." Id. at 967. Defendants have attached a copy of the petition from the state court lawsuit.[2] Dkt. # 9-2. However, defendants have not alleged that the state court has issued a final judgement in plaintiff's state court lawsuit and defendants have not attached any public record showing that the state court lawsuit has been conclusively resolved. Retherford stated the general rule that a plaintiff may not assert claims arising out of the same cause of action after he has already received a final and binding judgment in a prior lawsuit. The Tenth Circuit has stated that the "Oklahoma law recognizes the 'well established rule that where two actions involving the same issues, between the same parties, are pending at the same time in different courts, a final judgment in one will be res judicata, or a bar in the other.'" B. Willis, C.P.A., Inc. v. BNSF Ry. Corp., 531 F.3d 1282, 1301 (10th Cir. 2008). In other words, a plaintiff is barred from pursuing claims arising out of the same cause of action once a final judgment has been entered in one case. There is no basis for this Court to find that the state court has entered a final judgment on plaintiff's claims in the state court lawsuit, and claim preclusion or res judicata does not bar plaintiff from asserting his federal law claims in this Court.

---

[2]  In ruling on a motion to dismiss, the Court can take judicial notice of public records, such as documents filed in another lawsuit, without converting the motion into a motion for summary judgment. See Wittenberg v. Oklahoma Health Care Authority, 781 F. Supp. 2d 1221, 1227 (N.D. Okla. 2011). Plaintiff's petition in the state court lawsuit is a public record and the Court can consider the petition in ruling on this motion.

7

Finally, defendants argue that plaintiff has been convicted of a misdemeanor related to his employment by Local 270, and they ask the Court to dismiss plaintiff's demand for equitable relief due to his "unclean hands." Dkt. # 9, at 3. As a matter of Oklahoma law, "[e]quity will not allow one with unclean hands to benefit from [his] wrongful act. He who seeks equity must do equity and come into the court with clean hands." Public. Serv. Co. of Oklahoma v. Duncan Public Utilities Authority, 248 P.3d 400, 403 (Okla. Civ. App. 2010). Plaintiff responds that defendants' allegations concerning plaintiff's conduct are insufficient at this stage of this case to limit the relief available to plaintiff. Dkt. # 20, at 12. Defendants ask the Court to infer that the "veracity of the plaintiff is suspect" due to his misdemeanor conviction, but the Court will not disregard the allegations of the complaint due to defendants' concerns about plaintiff's veracity. Dkt. # 9, at 1. The parties should be permitted to conduct discovery and, if the matter proceeds to a jury trial, defendants may argue to a jury that plaintiff lacks credibility. However, the Court will not preliminarily assess plaintiff's capacity for truthfulness in ruling on a motion to dismiss, and defendants' request to dismiss plaintiff's request for equitable relief should be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Motion to Transfer Venue (Dkt. # 9) is **denied**.

**DATED** this 14th day of November, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE